IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>KENT CARTER, GAIL CARTER, )<br>KENT CARTER, AS TRUSTEE FOR )<br>THE KENT CARTER FAMILY TRUST )<br>PTO, and NEW MEXICO DEPARTMENT )<br>OF REVENUE AND TAXATION, )<br>)<br>Defendants. ) | Civil No. |

## UNITED STATES' COMPLAINT

For its Complaint, which has been authorized and requested by a duly authorized delegate of the Secretary of the Treasury and as directed on behalf of the Attorney General of the United States pursuant to 26 U.S.C. Sections 7401 and 7403, the United States of America alleges and avers as follows.

## NATURE OF ACTION

1.      This is a civil action brought by the United States of America to enter a judgment against defendant, Kent Carter, for the unpaid balance of certain federal taxes plus statutory additions, and to enforce a tax lien of the United States against properties that Kent Carter has or had an interest in and that the remaining defendants may have an interest in.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 26 U.S.C. Sections 7401, 7402, and 7403 and 28 U.S.C. Sections 1340 and 1345.

1

3. Venue of this action properly lies in this district pursuant to 28 U.S.C. Sections 1391(b) and 1396.

## THE PARTIES

4. Plaintiff is the United States of America.

5. Defendant, Kent Carter, is a taxpayer in this action and can be served in Carlsbad, New Mexico.

6. Defendant, Gail Carter, is a the wife of defendant Kent Carter in this action, and can be served in Carlsbad, New Mexico.

7. Defendant Kent Carter Family Trust PTO is a defendant because it is a nominee transferee and/or alter ego of Kent Carter, who is the purported trustee. The Kent Carter Family Trust PTO may be served through its trustee, Kent Carter in Carlsbad, New Mexico.

8. Defendant New Mexico Department of Taxation and Revenue is joined as a defendant because it may assert a claim against the properties upon which the United States seeks to foreclose its liens. Defendant New Mexico Department of Taxation and Revenue may be served in care of New Mexico Department of Taxation and Revenue, c/o Nelson Goodin, 1100 S. St. Francis Drive, Suite 1100, Santa Fe, New Mexico 87504, and the Attorney General of the State of New Mexico in Santa Fe, New Mexico.

## THE TAX LIABILITY

9. A delegate of the Secretary of the Treasury assessed against, and gave notice and demand to Kent Carter for unpaid employment and unemployment taxes, statutory additions, and interest for the periods in the chart below. The table below shows the tax period, the assessment date, and the amount due through December 5, 2011.

| TYPE OF TAX | TAX PERIOD | DATE OF ASSESSMENT | AMOUNT DUE THROUGH MARCH 9, 2012 |
|---|---|---|---|
| 1040 | 12/31/1995 | 08/27/2001 | $421,312.33 |
| 1040 | 12/31/1996 | 08/27/2001 | $195,595.46 |
| 1040 | 12/31/1997 | 08/27/2001 | $199,901.22 |
| 1040 | 12/31/1998 | 11/26/2001 | $8,059.93 |
| 1040 | 12/31/1999 | 11/26/2001 | $18,681.22 |
| 1040 | 12/31/2001 | 03/01/2010 | $26,583.35 |
| Civil Penalty | 12/31/1995 | 01/01/2007 | $673.82 |
| Civil Penalty | 12/31/1996 | 01/01/2007 | $650.86 |
| Civil Penalty | 12/31/1997 | 01/01/2007 | $650.86 |
| Civil Penalty | 12/31/1998 | 01/01/2007 | $650.86 |
| Civil Penalty | 12/31/1999 | 01/01/2007 | $650.86 |
| Civil Penalty | 12/31/2000 | 01/01/2007 | $650.86 |
| Civil Penalty | 12/31/2001 | 01/01/2007 | $650.86 |
|  |  | TOTAL: | $874,712.49 |

10.     Proper notice of and demand for payment of the assessments referred to in paragraph 9 above was mailed to Kent Carter on or about the date of the assessments.

11.     The United States recorded Notices of Federal Tax Lien against Kent Carter and Kent Carter Family Trust PTO as a nominee for Kent Carter in the property records of Eddy County, New Mexico, for the assessments listed in paragraph 9 above.

## THE SUBJECT PROPERTIES

12.     The United States seeks to enforce its federal tax lien to pay the unpaid tax liabilities, penalties and interest of Kent Carter by foreclosing on three properties in which Kent

Carter has an interest.  The properties are the Lake Property, the Tulip Property, and the West Edwards Property.

**Lake Property**

13. On October 30, 1997, Kent and Gail Carter purchased this single family home (the "Lake Property").  It is more particularly described as follows:

> Lot 11, Block 84, LOWE ADDITION, to the City of Carlsbad, Eddy County, New Mexico, as shown on the official plat thereof on file in the office of the County Clerk of Eddy County, New Mexico, EXCEPTING HEREFROM, all oil, gas and other minerals.

14. On September 23, 1999, Kent and Gail Carter allegedly transferred their interest in the Lake Property to the Kent Carter Family Trust PTO by way of a quit claim deed. Defendant Gail Carter also transferred her interest in this property to Kent Carter on July 27, 2000.  The Kent Carter Family Trust PTO holds title to the Lake Property as a nominee and/or alter ego for Kent Carter.

15. Additionally, defendant New Mexico Department of Revenue and Taxation may claim an interest in the Lake Property because it may have a lien against Kent Carter.

**Tulip Property**

16. Defendant, Kent Carter, also owns a second real property (the "Tulip Property"), which is more particularly described as follows:

> THE SURFACE ESTATE ONLY OF: A tract of land in Eddy County, New Mexico, being a portion of the NWl/4 SEl/4 and part of the Nel/4 SWl/4 of Section 17, Township 22 South, Range 27 East, N.M.P.M., being more particularly described by metes and bounds as follows; to wit: Beginning at the center quarter corner of said Section 17; Thence North 89.26' East, 191.50 feet to a point on the North line of said NWl/4 SEl/4; Thence, South 0.23' East, 1337.52 feet, to a point on the South line of said NWl/4 SE1/4; Thence, South 89.21' West, 1151.65 feet to a point on the said NEl/4 SWl/4, said point being on the projected East line of the Countryside Estates Phase I subdivision; Thence, North 0.54' West, 837.82 feet; Thence, South 89.06' West, 20.0 feet; Thence, North 0.54' West 70.0 feet; Thence, North 89.06' East, 20.0 feet; Thence, North, 0.54' West, 275.73

feet; Thence, North 89.06' East, 179.10 feet; Thence North 0.54' West, 150.00 feet to a point on the North line of the said NEI/ll SWl/4; Thence, North 89.06' East, 793.13 feet to the point of beginning.

EXCEPT the following described tracts of land:

A certain tract of land in the South1/2 of Section 17, Township 22 South, Range 27 East; N.M.P.M;, Eddy County, New Mexico, being more particularly described by metes and bounds as follows: Point of Beginning being the center quearter (sic) corner of aforesaid Section 17; Thence, North 89.22'34" East, 191.50 feet; Thence, South 0.23'00" East, 670.52 feet; Thence, South 89.06'00" West, 153.53 feet; Thence, South 0.54'00" East, 17.99 feet; Thence, South 89.06'00"  West, 878.87 feet; Thence, North 0.54'00" West 27.37 feet; Thence, South 89.06'00" West, 125.00 feet; Thence, North 0.54'00" West, 515.86 feet, Thence, North 89.06'00" East, 179.10 feet; Thence, North 0.54'00" West, 150.00 feet; Thence North. 89.22'34" East, 792.86 feet to the point of beginning.

AND

Beginning at the Southeast corner of Countryside Estates Phase I; Thence South 0.54' East 95.73 feet to the true point of beginning; Thence North 89.06'East, 20.00 feet; Thence South 0.54' East, 70.00 feet; Thence South 89.06' West, 40.00 feet; Thence North 0.54' West 70.00 feet; Thence North 89.06' East 20.00 feet to the true point of beginning, the said tract being in the NE1/4 SW1/4 of Section 17, Township 22 South, Range 27 East, N.M.P.M., Eddy County, New Mexico.

SUBJECT TO reservations, restrictions, and easements of record.

TOGETHER WITH 17 1/2 acres of C.I.D. Water Rights and any other water rights of record attached to this land.

17.     Kent Carter purchased the Tulip Property on January 23, 1990.  Kent Carter resides at the Tulip Property.  Defendant Gail Carter quit claimed her interest in the Tulip Property on February 17, 1994, to Kent Carter.  Kent Carter allegedly transferred his interest in the Tulip Property on June 2, 1999, to the Kent Carter Family Trust PTO.

18.     Defendant the Kent Carter Family Trust PTO then quit claimed its interest in the Tulip Property on October 28, 2003, to defendant Kent Carter's daughter, Mary Carter.  The IRS filed nominee liens against Mary Carter for Kent Carter's federal tax debts.  Mary Carter then

allegedly transferred her interest in the Tulip Property back to the Kent Carter Family Trust PTO on June 6, 2006.

19. Kent Carter Family Trust PTO holds title to the Tulip Property as a nominee or alter/ego for defendant Kent Carter.

20. Additionally, defendant New Mexico Department of Revenue and Taxation may claim an interest in the Tulip Property because it may have a lien against Kent Carter.

**West Edwards Property**

21. Defendant, Kent Carter, also owns a third real property (the "West Edwards Property"), which is more particularly described as follows:

> The Surface Estate only of Lot Sixteen (16), Block Fifteen (15), Carter Addition Unit No. 4, to the City of Carlsbad, Eddy County, New Mexico, as shown on the official plat thereof on file in the office of the County Clerk of Eddy County, New Mexico.

22. Kent Carter purchased this property on February 19, 1993. On June 10, 1999, Kent Carter allegedly transferred his interest in the West Edwards Property to the Kent Carter Family Trust PTO.

23. Kent Carter Family Trust PTO holds title to the West Edwards Property as a nominee or alter/ego for defendant Kent Carter.

24. Additionally, defendant New Mexico Department of Revenue and Taxation may claim an interest in the West Edwards Property because it may have a lien against Kent Carter.

## COUNT I

### (Judgment for Unpaid Tax Assessments)

25. The United States is seeking a judgment that determines Kent Carter's indebtedness to the United States on account of the federal income tax and civil penalty assessments described in paragraph 9 above.

26. A delegate of the Secretary of the Treasury made assessments against Kent Carter for the federal income taxes, statutory interest, civil penalties, and additions to tax for the periods and amounts referenced in paragraph 9 above. Despite timely notice and demand for payment, Kent Carter has neglected, failed and refused to pay federal income tax and civil penalties for the periods and years described in paragraph 9 above. Defendant Kent Carter has been a debtor of the United States for the above-described federal income tax and civil penalties since the dates of the assessments set forth in paragraph 9 above.

## COUNT II

### (Foreclose Federal Tax Liens)

27. The United States is seeking the enforcement of its federal tax liens against the properties described in paragraphs twelve through twenty-four above to pay the unpaid federal income tax taxes, statutory interest, civil penalties and additions to tax of Kent Carter.

28. Pursuant to Section 6321 of the Internal Revenue Code, a federal tax lien attached to Kent Carter's interest in the subject properties upon assessment of the federal income tax and civil penalties indicated in paragraph 9 above.

## COUNT III
### (Ten Percent Surcharge for Costs of Collection)

29.     28 U.S.C. section 3011 authorizes the United States to recover a surcharge of 10% of the amount of the debt in the event that the United States avails itself of the pre-judgment or post judgment relief as set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 *et. seq.*, in order to cover the cost of processing and handling the litigation and enforcement under this chapter of the claim for such debt.

### AFFIRMATIVE ALLEGATIONS THAT THE
### STATUTE OF LIMITATIONS FOR COLLECTION HAS NOT EXPIRED

30.     I.R.C. § 6502(a) provides that the statute of limitations for collection expires ten (10) years after the date of assessment. On August 27, 2001, the Internal Revenue Service made assessments against Kent Carter for his unpaid federal income taxes for 1995, 1996, and 1997. The ten year statute of limitations period for collection of the assessment for 1995, 1996, and 1997, would have expired on August 27, 2011. Thus, without any extensions or suspensions, the earliest the normal statute of limitations for collection would have expired was August 27, 2011.

31.     However, under 26 U.S.C. § 6503(a)(1), the statute of limitations for collection is suspended anytime the IRS is unable collect the tax by levy or proceeding in Court. The IRS is unable to levy if a hearing is requested under 26 U.S.C. § 6330(a)(3)(B). This type of hearing is commonly referred to a collection due process hearing. The period of limitations under section 6502(a) is suspended for the period during which the collection due process hearing is pending. 26 U.S.C. § 6330(e)(1). The period of limitations is suspended until the determination resulting from the collection due process hearing becomes final by expiration of the time for seeking judicial review or the exhaustion of any rights to appeals following judicial review. Treas. Reg.

§ 301.6330-1(g).

33. Kent Carter requested a collection due process hearing on May 8, 2008, with respect to his federal income taxes for tax years 1995 through 1999. The IRS' Notice of Determination to Kent Carter with respect to his collection due process hearing was dated December 18, 2008. The Notice of Determination became final after a period of 30 days, or January 19, 2009, during which Kent Carter could have appealed the determination to the United States Tax Court. Kent Carter's collection due process hearing remained pending for 224 days. The Notice of Determination became final after another 30 days. Consequently, the statute of limitations for collection of the federal income taxes owed for years 1995, 1996, and 1997, was extended until August 27, 2011, plus an additional 254 days.

33. Thus, the statute of limitations for collection regarding the 1995, 1996, 1997 federal income tax assessments against Kent Carter should not expire until on or about May 7, 2012. This date is calculated as follows:

| | |
|---|---|
| Original assessment: | August 27, 2001 |
| plus 10 years on original collection statute: | August 27, 2011 |
| plus 224 days due to Kent Carter's Collection Due Process hearing | April 7, 2012 |
| plus 30 days for Collection Due Process hearing per Treas. Reg. § 301.6330–1(g) | May 7, 2012 |

34.     Accordingly, the statute of limitations for collection for the federal income taxes owed for 1995, 1996, and 1997, at issue has not run.


FOR THESE REASONS, the United States requests the Court:

A.     To Order that Kent Carter is indebted to the United States in the amount of $874,712.49, as of March 9, 2012, plus penalties, statutory additions and interest from that date, less any payments received for the federal income taxes and civil penalties described above.

B.     To Order that the subject real properties described above are subject to the claim of the United States;

C.     To determine the validity of the claims of the defendants named herein against the properties and also determine the priority of any respective claims as against the claim of the United States;

D.     To Order that the United States has a valid federal tax lien against the subject properties, that the lien be foreclosed and the properties be sold in accordance with the law and practice of this Court, and that the proceeds of such sale be distributed in accordance with the findings of the Court and the rights of the parties;

E.     To Order, to the extent the United States utilizes remedies set forth in Subchapter B or C of the Federal Debt Collection Procedure Act, 28 U.S.C. §§3001 *et. seq.*, it is entitled to the 10% litigation surcharge set forth in 28 U.S.C. Section 3011; and,  F.

To Order the United States have such further relief as this Court may deem just and proper, including its costs herein.

Dated: May 1, 2012.

        KENNETH J. GONZALES
        United States Attorney


        /s/ Moha P. Yepuri
        MOHA P. YEPURI
        Texas State Bar No. 24046651
        Trial Attorney, Tax Division
        U.S. Department of Justice
        717 N. Harwood, Suite 400
        Dallas, Texas 75201
        (214) 880-9767/9737
        (214) 880-9741 (FAX)
        Moha.P.Yepuri@usdoj.gov

        ATTORNEYS FOR THE UNITED STATES