FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 2 5 2012

IN THE UNITED STATES DISTRICT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No: 2:12-cv-00469-WPL-LAM |
| vs. ) | |
| ) | ANSWER TO COMPLAINT |
| KENT CARTER, GAIL CARTER, ) | |
| KENT CARTER, AS TRUSTEE FOR ) | |
| THE KENT CARTER FAMILY TRUST ) | |
| PTO, AND NEW MEXICO DEPARTMENT ) | |
| OF REVENUE AND TAXATION ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

**COMES NOW Kent Carter**, natural born, man claiming all of his unlimited, inherent, unalienable, God given Rights protected and secured by and through the Federal Constitution and the Constitution of the State of New Mexico, and hereby respectfully move this Honorable Court to grant him relief from judgment in this matter, because of the following truthful, valid, and lawful reasons in answer to the filed complaint.

Kent Carter was served with the Complaint on June 7th 2012. He is answering within the 21 day time limit.

### NATURE OF THE ACTION

1. The allegations of 1 are denied.

2. Denied

3. Denied

### PARTIES

4. Neither Admit or Deny

5. Denied

1

6. The Statement in 6 is denied. Kent and Gail Carter were divorced May 21st 2007.

7. Denied

8. Denied. The New Mexico Taxation and Revenue "piggy backs" off the federal income tax, and has never sent a lawful assessment. The statute of limitations has expired.

## THE TAX LIABILITIES

9. The allegations of 9 are now denied. There has never been a lawful, signed assessment.

10. The allegations of 10 are now denied. There has never been a proper notice and demand sent to Kent Carter

11. The allegation in 11 is admitted, but was done unlawfully.

## THE SUBJECT PROPERTY

12. There is not enough information to admit or deny 12.

13. The statement 13 is admitted.

14. The allegation 14 is admitted in part and denied in part.

15. The allegation in 15 is denied. The defendant New Mexico Dept. Of Revenue and Taxation has never given Kent Carter a signed assessment. The Statue of limitations for collections has expired.

16. The allegation 16 is denied.

17. The statement in 17 is admitted.

18. The statement in 18 is admitted.

19. The allegation in 19 is denied.

20. The allegation in 20 is denied

21. The allegations in 21 is denied.

22. The statement in 22 is admitted.

23. The allegation in 23 is denied.

24. The allegation in 24 is denied.

The New Mexico Taxation and Revenue has never had a lawful signed assessment.

The time for collections has expired.

## *COUNT I*

25. The allegation is 25 is denied. There has never been a valid lawful assessment.

26. The allegation in 26 is denied

## COUNT II

27. There is not enough information to admit or deny the statement in 27.

28. The allegation in 28 is denied. There is no valid assessment.

29. There is not enough information to admit or deny the statement in 29.

### AFFIRMATIVE ALLEGATIONS THAT THE
### STATUTE OF LIMITATIONS FOR THE COLLECTION HAS NOT EXPIRED

30. The allegations in 30 are denied. The statute of limitations has expired.

31. The allegations in 31 are denied. The statute of limitations has expired.

32. The allegations are admitted in part and denied in part.

33. The statement in 33 is denied. The statute of limitations has expired.

34. The statement in 34 is denied. The statute of limitations has expired.

3

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has no standing to bring this suit.

## SECOND AFFIRMATIVE DEFENSE

There is no affidavit from the Plaintiff. There is no proof of claim.

## THIRD AFFIRMATIVE DEFENSE

There is no signed Assessment Certificate.

## FORTH AFFIRMATIVE DEFENSE

Even if Kent Carter owed this ridiculous amount, the 10 year statute of limitations has expired.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim for relief

## SIXTH AFFIRMATIVE DEFENSE

Kent Carter asked for a Determination Hearing on March 30th 2007. The Determination was final on October 4, 2007 and became final 30 days later on November 3rd 2007. The statue of limitations for the years 1995 thru 2001 has all expired. (attachments to AFFIDAVIT)

## SEVENTH AFFIRMATIVE DEFENSE

Kent Carter has included a notarized affidavit, under penalty of perjury, of the facts.
EXHIBIT (1) with attachments

WHEREFORE, Kent Carter requests this Honorable Court to dismiss this Complaint with prejudice

and the Plaintiff take nothing.

Respectfully submitted,

_Kent Carter_  6/21/2012
Kent Carter
C/O P.O. Box 5033
Carlsbad, New Mexico 88220

## Certificate of Service

I certify that on the 21 day of June, 2012, a true and correct copy of the foregoing Answer to Complaint was mailed to the Plaintiff's attorney and the United States District Court at the following addresses.

MOHA P. YEPURI,
U.S. Dept. of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas, 75201

United States District Court
100 N. Church St. Ste. 280
Las Cruces, New Mexico 88001

Gail Carter
C/O 1031 N. Eddy St
Carlsbad New Mexico 88220

New Mexico Taxation and Revenue
C/O Nelson Goodin
1100 S. Francis Drive Suite 1100
Santa Fe, NM. 87504

Gary King, Attorney General
P.O. Drawer 1508
Santa Fe, New Mexico 87504-1508

_____
Kent Carter

ARTICLE # CERTIFIED 7011 3500 0003 4729 3135

Cm # 7006 0100 0003 2094 4475

# Request for a Collection Due Process Hearing

Use this form to request a hearing with the IRS Office of Appeals only when you receive a **Notice of Federal Tax Lien Filing & Your Right To A Hearing Under IRC 6320**, a **Final Notice - Notice Of Intent to Levy & Your Notice Of a Right To A Hearing**, or a **Notice of Jeopardy Levy and Right of Appeal**. Complete this form and send it to the address shown on your lien or levy notice for expeditious handling. Include a copy of your lien or levy notice(s) to ensure proper handling of your request.

(Print) Taxpayer Name(s): __Kent Carter__

(Print) Address: __c/o PO Box 5033 - Carlsbad, New Mexico [88220]__

Daytime Telephone Number: __N/A__   Type of Tax/Tax Form Number(s): __Unknown__

Taxable Period(s): __December 31, 1995 through 2001__

Social Security Number/Employer Identification Number(s): __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__

---

Check the IRS action(s) that you do not agree with. Provide specific reasons why you don't agree. If you believe that your spouse or former spouse should be responsible for all or a portion of the tax liability from your tax return, check here [ __ ] and attach Form 8857, Request for Innocent Spouse Relief, to this request.

__X__ Filed Notice of Federal Tax Lien (Explain why you don't agree. Use extra sheets if necessary.)

1.) Claimant Was Never Issued A Notice Of Deficiency To Dispute The Alleged Liability
2.) Service employees failed to comply with administrative procedures prior to issuing procedurally invalid Form 668(Y)(c) - Notice of Federal Tax Lien.
3.) Service employees failed to establish the existence of a federal tax liability

____ Notice of Levy/Seizure (Explain why you don't agree. Use extra sheets if necessary.)

I/we understand that the statutory period of limitations for collection is suspended during the Collection Due Process Hearing and any subsequent judicial review.

Taxpayer's or Authorized Representative's Signature and Date: __Kent R. Carter   3-30-07__

Taxpayer's or Authorized Representative's Signature and Date: _____

**IRS Use Only:**

IRS Employee (Print): _____   IRS Received Date: _____

Employee Telephone Number: _____

Form **12153** (01-1999)   Catalog Number 26685D   **(Over)**   Department of the Treasury – Internal Revenue Service

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>St. Paul Appeals<br>380 Jackson St Suite 600<br>St. Paul, MN 55101 | **Department of the Treasury**<br><br>**Person to Contact:**<br>Teresa Mulcahy<br>Employee ID Number: 41-03625<br>Tel: 651-726-7432<br>Fax: 651-726-7409 |
| Date: OCT 4 2007 | **Refer Reply to:**<br>AP:FW:STP:A<br>**Taxpayer Identification Number:**<br>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 |
| KENT CARTER<br>P.O. BOX 5033<br>CARLSBAD NM 88220 | **Tax Type/Form Number:**<br>Civil penalty/1040<br>**In Re:**<br>Collection Due Process Hearing<br>(Tax Court)<br>**Tax Period(s) Ended:**<br>12/1995 12/1996 12/1997 12/1998<br>12/1999 12/2000 12/2001 |

**Certified Mail** 7007 1490 0002 5572 4018

## NOTICE OF DETERMINATION
### CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330

Dear Mr. Carter:

We have reviewed the collection actions that were taken or proposed for the period(s) shown above. This letter is your Notice of Determination, as required by law. A summary of our determination is stated below. The attached statement shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them.

If you want to dispute this determination in court, you must file a petition with the United States Tax Court within 30 days from the date of this letter.

To obtain a petition form and the rules for filing a petition, write to: Clerk, United States Tax Court, 400 Second Street, NW, Washington, D.C. 20217, or access the Tax Court website at www.ustaxcourt.gov.

In addition to the regular United States Tax Court procedures, the United States Tax Court also has a simplified procedure for an appeal under section 6330(d)(1)(A) of a determination in which the unpaid tax does not exceed $50,000. You may also obtain information about this simplified procedure by writing to the United States Tax Court or accessing the United States Tax Court website at www.ustaxcourt.gov.

The time limit (30 days from the date of this letter) for filing your petition is fixed by law. The courts cannot consider your case if you file late. If an appeal is filed in the incorrect court (e.g., United States District Court), you will not be able to refile in the United States Tax Court if the time period for filing a Tax Court petition has expired.

Before you decide whether to petition this notice of determination, you should note that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless (Pierson v. Commissioner, 115 T.C. no. 39 (2000))

If you do not petition the court within the time frame provided by law, your case will be returned to the originating IRS office for action consistent with the determination summarized below and described on the attached page(s). If you have any questions, please contact the person whose name and telephone number are shown above.

### Summary of Determination

The Notice of Intent to Levy was issued properly. The Revenue Officer is free to levy as he sees fit. The Notice of Federal Tax Lien was filed properly.

Sincerely,

*[signature]* acting for

Al Haring
Appeals Team Manager

Enclosure(s): Attachment

## Attachment - Letter 3193, Notice of Determination
Kent Carter

**This is in response to your request for a Collection Due Process ("CDP") under §6320 and 6330 for the following civil penalties:**

| Tax Period | Date of Notice and Demand for Payment | Date of Letter 3172 | Date Notice of Federal Tax Lien Filed | Date Final Notice of Intent to Levy Issued |
|---|---|---|---|---|
| 12/311995 | 1/1/2007 | 3/15/2007 | 3/8/2007 | 3/05/2007 |
| 12/31/1996 | " | " | " | " |
| 12/31/1997 | " | " | " | " |
| 12/31/1998 | " | " | " | " |
| 12/31/1999 | " | " | " | " |
| 12/31/2000 | " | " | " | " |
| 12/31/2001 | " | " | " | " |

### SUMMARY AND RECOMMENDATION

The filing of the Notice of Federal Tax Lien (NFTL) was appropriate. The issuance of the Notices of Intent to Levy was also appropriate.

Appeals Settlement Officer Teresa Mulcahy conducted your requested hearing via correspondence. You were offered an opportunity to meet in person. Ms. Mulcahy had no prior involvement with the tax liability at issue.

### I.   BRIEF BACKGROUND

**Basis for the Tax Liability**
The liabilities are civil penalties assessed for filing frivolous documents.

**Issues presented by the taxpayer**
The issues raised in your written request for a hearing were frivolous

**Summary of CDP Actions**
Prior to the hearing, Ms. Mulcahy verified the date of the notice of tax and demand for payment, as well as the actual assessment of the liability and the fact that it remained unpaid. She also reviewed the information from the referring IRS Compliance office concerning adherence to legal and administrative procedures and determined that such procedures appeared to have been followed in issuing Letter 1058 and filing the Notice of Federal Tax Lien.

## II. DISCUSSION AND ANALYSIS
## Matters considered pursuant to IRC §6320 and 6330

### Verification of Legal and Procedural Requirements

Notice of Lien: Prior to filing a NFTL, the IRS must issue a notice and demand for payment as required under IRC section 6303 for tax for each liability to be listed on the notice. If the tax is not paid within ten days of such notice and demand, IRC 6321 provides a statutory lien on the 11th day. A NFTL may be filed at any time on or after the 11th days. Finally, the IRS must notify the taxpayer of the filing of the NFTL and his right to a hearing within five business days of such filing. Collection's administrative procedures require a reasonable effort to contact the taxpayer by phone or in writing to advise that a NFTL may be filed if payment is not made.

Administrative procedures require the Revenue Officer to make a reasonable effort to contact the taxpayer to advise that a NFTL may be filed if payment is not made so that the taxpayer has an opportunity to make payment or other security arrangements. The Revenue Officer must also explain the effect of the NFTL filing on normal business operations and/or the taxpayer's credit rating. Administrative procedures in place at the time IRS requested the NFTL to be filed indicated that such action should not be taken if the taxpayer is working with IRS to resolve the tax matters.

Transcripts of account show the notice of tax and demand for payment was issued as required.

The NFTL was filed more than 10 days after the notice of tax and demand for payment was mailed (date of assessment), and that Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under § 6320, was mailed within 5 business days of the date of filing.

Administratively, the case file shows the Revenue Officer was in direct contact with you prior to the filing of the NFTL. Based upon the best available information, it appears as though all applicable legal and administrative procedures were followed in filing the NFTL.

Notice of Levy: The legal requirements prior to taking general enforcement action are issuance of notice and demand for tax, notice of intent to levy and notice of the taxpayer's right to a hearing. In addition to the legal requirements, current administrative procedures governing Letter 1058 require the Revenue Officer to have knowledge of a potential levy source and plan levy as the next intended action.

Transcripts of account show the notice of tax and demand for payment was issued as required to your last known address. Administratively, the Revenue Officer had knowledge of a usable levy source and levy appears to have been the next intended action because you had not made any proposals to resolve your tax debt.

Based upon the best available information, it appears as though all applicable legal and administrative procedures were properly followed in issuing Letter 1058.

## Relevant Issues Presented by the Taxpayer

### Offers of collection alternatives

You are not presently eligible for collection alternatives because you have not filed valid income tax returns for 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005 and 2006..

## Balancing Efficient Collection With Intrusiveness of Proposed Action

IRC § 6320 and 6330 require the Appeals Officer to consider whether any collection action balances the need for efficient collection of the unpaid taxes with the legitimate concern that such action be no more intrusive than necessary.

### Challenges made by the taxpayer to the appropriateness of the collection action

I balanced the competing interests in finding the proposed levy appropriate. In your request for a CDP hearing you raised issues of moral, religious, political, constitutional, conscientious, or other frivolous objections to collection of your liabilities. These objections are without merit and have been repeatedly rejected by the courts. I gave you an opportunity to present non-frivolous arguments by letter dated 9/6/2007. You declined the opportunity. The proposed levy balances the need for efficient collection with your concern that any collection action be no more intrusive than necessary.

In order for the federal tax lien to have priority against certain competing interests, the Service must file a NFTL pursuant to IRC 6323. This filing protects the Government's right of priority as against certain third parties. You failed to offer any alternative to the NFTL such as posting a bond or entering into a collateral agreement. It is my judgment that the NFTL balances the efficient collection of taxes with your legitimate concern that the collection action be no more intrusive than necessary.

You raised no relevant issues or spousal defenses.

### Conclusion
All procedures were properly followed in issuing the Notice of Intent to Levy and in filing the NFTL. All relevant issues have been addressed by Appeals. The filing of the NFTL and the proposed levy action appears to be no more intrusive than necessary for the efficient collection of the unpaid tax. The Revenue Officer is justified in proceeding with levy action as he sees fit.

Internal Revenue Service
Appeals Office
380 Jackson Street, Suite 600
St. Paul, MN 55101-7790

Official Business
Penalty for Private Use, $300

7007 1490 0002 5572 4018

0822185033 B071

KENT CARTER
P.O. BOX 5033
CARLSBAD NM 88220

10.9.07 RS
Rec
10.x-c
KC

| | |
|---|---|
| **Internal Revenue Service**<br>Appeals Office<br>5338 Montgomery Blvd. N.E.<br>Albuquerque, NM 87109 | **Department of the Treasury**<br><br>**Person to Contact:**<br>Joann Mares<br>Employee ID Number: 85-00667<br>Tel: 505-837-9003 |
| Date: April 23, 2007 | Fax: 505-837-9006<br>**Refer Reply to:**<br>AP:FW:ALB:JXM |
| KENT CARTER<br>P.O. BOX 5033<br>CARLSBAD NM 88220 | **In Re:**<br>Collection Due Process - Levy<br>**Social Security or Employer**<br>**Identification Number:**<br>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<br>**Tax Period(s) Ended:**<br>12/1995 12/1996 12/1997 12/1998<br>12/1999 12/2000 12/2001 |

### Appeals Received Your Request for a Collection Due Process Hearing

Dear Mr. Carter:

This letter is our acknowledgment that we received your request for a Collection Due Process (CDP) Hearing in our Albuquerque Appeals Office on April 18, 2007.

Appeals is separate from - and independent of - the office of the Internal Revenue Service proposing the action you do not agree with. What we do is review and resolve disputes. I will consider the specific facts in your case and try to resolve your dispute with the Service.

If you are new to Appeals we strongly urge you to read the enclosed Publication 4165 which includes more details about the Appeals process, your right to representation and Collection Due Process. Please note that while you are in Appeals and until you pay your tax liability in full, interest will continue to be charged on any balance due, including accruals of penalty and interest.

Your CDP hearing request regarding proposed levy action on the following tax periods was timely: Form Civil Penalty Assessments, for tax periods December 31, 1995, December 31, 1996, December 31, 1997, December 31, 1998, December 31, 1999, December 31, 2000 and December 31, 2001. During your hearing, and until any appeals become final for these tax periods the legal collection period is suspended and no levy action may be taken.

During the hearing, I must consider:

- Whether the IRS met all the requirements of any applicable law or administrative procedure

- Any nonfrivolous issues you wish to discuss. These can include:

1. Collection alternatives to levy such as full payment of the liability, installment agreement, offer in compromise or temporary suspension of collection action if the action imposes a hardship condition. Although they may not be considered an "alternative" to a notice of lien filing, these collection options may also be discussed at a lien hearing.

2. Challenges to the appropriateness of collection action. If this is a lien hearing, you may ask us to determine if the notice of lien filing was appropriate and if you qualify for a lien withdrawal or other lien options, such as subordination.

3. Spousal defenses, when applicable.

- We may also consider whether you owe the amount due, but **only if** you have not otherwise had an opportunity to dispute it with Appeals.

- We will balance the IRS' need for efficient tax collection and your legitimate concern that the collection action be no more intrusive than necessary.

You are entitled to have your conference with an Appeals employee who has had no prior involvement with the tax periods at issue, either in Appeals or in the Compliance division. I do not recall any previous involvement with these tax periods, however, if you believe I have, please notify me immediately. If I have been involved but you would still like me to conduct your hearing, you may waive this right.

For me to consider alternative collection methods such as an installment agreement or offer in compromise, you must provide any items listed below. In addition, you must have filed all federal tax returns required to be filed.

- A completed Collection Information Statement (Form 433-A for individuals and/or Form 433-B for businesses.)

Appeals cannot approve an installment agreement or accept an offer-in-compromise unless all required estimated tax payments for the current year's income tax liability have been made. If you wish to pursue one of these alternatives during the CDP hearing process, you must arrange for the payment of any required estimated tax payments. Delinquent estimated tax payments can be included in an installment agreement.

Please send me the items **requested** above within 14 days from the date of this letter. I cannot consider collection alternatives at your conference **without this information**. I am enclosing the applicable forms and a return envelope for your convenience.

At the conclusion of the hearing, we will issue a **determination letter** as required by law **for the tax periods for which your CDP hearing request was received timely**. If you do not agree with our determination you may appeal the case to the appropriate court. We will provide information about the appropriate court in your determination letter.

2

We will issue a <u>**decision letter for the tax periods for which your CDP hearing request was determined not to be timely**</u>. There is no right to challenge Appeals' decision in court. However, you may appeal - to the appropriate court if you disagree with our decision that your hearing request was late, and about any spousal defense issue, provided you timely raise the matter in court.

If you do not participate in the conference or respond to this letter, the determination and/or decision letter that we issue will be based on your CDP request, any information you previously provided to this office about the applicable tax periods, and the Service's administrative file and records.

Please contact the person named at the top of this letter with any questions or concerns you have regarding this letter or the CDP procedures. The telephone number is listed above.

Sincerely,

*George Riter*

George Riter
Appeals Team Manager


Enclosures:
Form 433-A Collection Information Statement for Individuals
Form 433-B Collection Information Statement for Businesses
Envelope
Publication 4165 Introduction to Collection Due Process Hearings
Withdraw Form 12256

3

**Internal Revenue Service**
**Appeals Office  Stop: 8000SANC**
**8700 Tesoro Drive, Suite 407**
**San Antonio, TX 78217**

Official Business
Penalty for Private Use, $300



U.S. POSTAGE
ZIP 88220 $
02 1W
0001363179

CERTIFIED MAIL
7011 3500 0003 4729 3135

% Kent Carter
POB 5033
Carlsbad NM 88221

Court Clerk
United States District Court
100 N. Church St. Ste 280
Las Cruces, New Mexico, 88001

RECEIVED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JUN 2 5 2012

MATTHEW J. DYKMAN
CLERK