IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                                                                              No. 12-cv-00469 RB/LAM

**KENT CARTER;**
**KENT CARTER, AS TRUSTEE FOR**
**THE KENT CARTER FAMILY TRUST**
**PTO,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the United States' *Motion to Strike Answer filed by the Kent Carter Family Trust, PTO*, filed February 8, 2013 (Doc. 30); and on Kent Carter's *Motion to Dismiss for Lack of Subject Matter Jurisdiction*, filed February 21, 2013 (Doc. 33). Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court finds that the United States' motion is well-taken and should be granted and that Carter's motion is frivolous and must be denied.

## I.  THE COURT HAS JURISDICTION OVER THIS CASE.

As set forth in the Court's October 23, 2012 Order, "[t]he Court's jurisdiction arises under 26 U.S.C. §§ 7401, 7402, and 7403, and 28 U.S.C. §§ 1340 and 1345." Doc. 18 at 1. *And see United States v. Rodgers*, 461 U.S. 677 (1983) (setting forth the purpose of § 7403 and holding that § 7403 authorizes the judicial sale of certain properties to satisfy tax indebtedness of delinquent taxpayers and grants power to a federal district court to order the sale of the home itself).

In response to Carter's previously raised argument that the United States has no standing to

bring suit because it "has purportedly garnished all of Carter's social security benefits," the Court has already held that the "United States clearly has standing to foreclose on its tax liens," and this Court has jurisdiction over the suit. *See id.* at 1-2. Carter's contention that the Court has no jurisdiction because the United States has "failed to exhaust its administrative remedies before attempting to seize a residence (Internal Revenue Code section 6334(e)(1)," Doc. 33 at 2, is frivolous because the United States is not proceeding by administrative levy, and that section does not affect this Court's jurisdiction over the judicial causes of action the United States brings. *See Rodgers*, 461 U.S. at 682-83 (distinguishing between administrative levies and judicial proceedings brought under § 7403). Nor do the IRS's alleged failures to respond to Carter's Freedom of Information Act Requests allegedly made more than seven years ago affect the Court's subject-matter jurisdiction.    In addition, as the Government points out, *see* Doc. 35 at 5, Carter's allegations that the Government has not served Carter with copies of Forms 4340 are patently false. *See Carter v. United States*, No. 07cv1264 MV/LAM (D.N.M. 2009), Docs. 37-3 through 37-10 (Forms 4340 attached as Gov. Exs. 3-11 to the Government's Motion to Dismiss Amended Complaint and Renewed Motion for Summary Judgment). The Court will deny Carter's motion to dismiss.

## II.  THE COURT WILL STRIKE THE TRUST'S ANSWER.

The United States' Complaint seeks to reduce to judgment federal tax assessments against Kent Carter; to nullify or set aside the Kent Carter Family Trust, PTO's purported ownership of three real properties located in Carlsbad, New Mexico as fraudulent transfers; and to foreclose the United States' federal tax liens against Kent Carter's interest in the subject properties. *See* Am. Compl. at 7-9. Carter, who is not an attorney, prepared and filed the Trust's Answer to the United States' Amended Complaint as the "manager" of the Trust. *See* Doc. 22 at 1, 5. The United States seeks

2

to strike the answer.  Neither Carter nor the Trust[1] have responded to the motion.

Although Carter may represent himself and appear *pro se*, because he is not an attorney, he may not represent the Trust.  *See* 28 U.S.C. § 1654; *United States v. Novotny*, No. 02-1417, 71 Fed. App'x 792, 794, n.1 (10th Cir. July 31, 2003) (holding that the non-attorney pro-se parties could not represent their trusts); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney").  Carter has been aware for at least two months that he must find an attorney to represent the Trust.  The Court will strike the Answer and will give Carter ten business days to hire an attorney to represent the Trust, enter an appearance, and file an answer, or the Court will enter a default judgment against the Trust on Count II of the United States' Amended Complaint.

**WHEREFORE,**

**IT IS ORDERED** that the United States' motion to strike the Trust's Answer (Doc. 30) is **GRANTED;** and that Carter has ten business days to hire an attorney to represent the Trust, enter an appearance, and file an answer; and

**IT IS FURTHER ORDERED** that Carter's motion to dismiss (Doc. 33) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The United States has dismissed its suit against Gail Carter and the New Mexico Department of Taxation and Revenue, and the Court has excused them from all proceedings.  *See* Docs. 31, 32.