IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   No. 12-cv-00469 RB/LAM

KENT CARTER; KENT CARTER,
AS TRUSTEE FOR THE KENT
CARTER FAMILY TRUST PTO,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on pro-se Defendant Kent Carter's *Motion to Reconsider Because of Newly Discovered Evidence*, filed May 10, 2013 (Doc. 37); and on the United States' *Motion For Leave To File Exhibits Exceeding 50 Pages In Support of Its Response To Carter's Motion To Reconsider*, filed June 3, 2013 (Doc. 40). Having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, the Court will deny Carter's motion and will grant the United States' motion.

### STANDARD OF REVIEW

Because no final judgment has been entered in this case, Carter's motion for reconsideration is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment". *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991); *see Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) (holding that "the district court was incorrect to treat

Raytheon's motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments"); *Trujillo v. Bd. of Educ*, No. 05–2305, 212 Fed. App'x 760, 765, 2007 WL 80698, **5 (10th Cir. Jan. 2007) (holding "that the district court did not err in failing to apply the standards for Rule 59(e) and Rule 60(b) motions to [the plaintiff's interlocutory] motion for reconsideration"). Nonetheless, the Court will not entertain motions to reconsider that simply repeat prior arguments or fail to make a clear showing of legal or factual error.

## ANALYSIS

On May 1, 2013, the Court granted the United States' *Motion to Strike Answer filed by the Kent Carter Family Trust, PTO*, and denied as frivolous Carter's *Motion to Dismiss for Lack of Subject Matter Jurisdiction*. *See* Doc. 36. Carter raised in his motion to dismiss, and the Court rejected, three arguments regarding jurisdiction that:

> the United States has no standing to bring suit because it "has purportedly garnished all of Carter's social security benefits," . . . the Court has no jurisdiction because the United States has "failed to exhaust its administrative remedies before attempting to seize a residence (Internal Revenue Code section 6334(e)(1)" . . . . [and] the IRS's alleged failures to respond to Carter's Freedom of Information Act Requests allegedly made more than seven years ago affect the Court's subject-matter jurisdiction

May 1, 2013 Memorandum Opinion and Order ("MOO") at 1-2. Carter's motion for reconsideration does not address any of these rulings. Instead, submitting documentary evidence, he now newly attempts to address the *merits* of the IRS's Amended Complaint, apparently seeking summary judgment on the Government's suit to reduce to judgment his assessments and to enforce its federal tax liens against real properties that Carter owns. The basis of Carter's newly-raised summary-judgment defense is twofold: that the amount the United States' is seeking to collect through levies is fraudulently incorrect, *see* Doc. 37 at 2-5; and that the IRS could not lawfully refile its tax liens

2

after it revoked a certificate of release of liens, nor could it bring suit to enforce those refiled liens, because the ten-year limitations period for collecting on Carter's income-tax assessments had run before it refiled its liens, *see id.* at 5-7.

In rebuttal, the United States submits documentary evidence and affidavits, together with statutory authority, showing that its assessments are valid and that the revocation of release and this lawsuit were timely filed because the limitations periods for levy and collection actions regarding Carter's unpaid taxes were statutorily extended after Carter demanded a collection due process hearing in 2008. *See* Doc. 39 & Exs. 1-10; *see also* 26 U.S.C. §§ 6322, 6325(f)(2); 6330(e); 6502; 6503. In his reply, Carter refuses to acknowledge that the "last day for refiling" date in the August 2005 "Notice of Federal Tax Lien," *see* Doc. 39-7, was determined before Carter demanded a collections- due-process hearing in 2008. *See* 26 U.S.C. § 6330(e) (providing that "if a [collection-due-process] hearing is requested . . . the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 (relating to collection after assessment) . . . shall be suspended for the period during which such hearing, and appeals therein, are pending")[1]. Carter has presented no authority in his reply brief to support his bald contention that the refiling dates are absolute, nor does he address the Government's contention that the refiling date may be statutorily extended. Therefore, insofar as the Court may construe his motion as one for summary judgment, Carter has failed to satisfy his burden to show that he is entitled to summary judgment on, or dismissal of, the Amended Complaint as a matter of law. *See* Fed. R. Civ. P. 56.

---

[1] The parties have not sufficiently briefed the issue whether § 6330(e) extends the last refiling date for a federal tax lien. Because the Government has not moved for summary judgment on the issue, the Court will not make a ruling at this time on the matter.

The only ruling in the May 1, 2013 MOO for which Carter seeks reconsideration is the ruling that, if Carter, as the purported Trustee of the Kent Carter Family Trust, PTO, did not file an Answer for the Trust through an attorney within ten days of the filing of the May 1, 2013 Order, the Court would "enter a default judgment against the Trust on Count II of the United States' Amended Complaint."  May 1, 2013 MOO at 3.

Carter asserts that he cannot afford an attorney to defend the Trust.  *See* Doc. 37 at 2. Critically, however, he admits that "the Kent Cater [sic] Family Trust is a fiction and there is no Trustee or Beneficiaries;" *id.*; and "the Kent Carter Family Trust was never completed and the deeds [regarding the real property the Government seeks to foreclose signed by Carter and other family members] are void . . . [and Carter] does not deny that all three properties are his."  Doc. 37 at 7. Given these concessions, it is clear that Carter is not entitled to reconsideration and that a default judgment should be entered against Kent Carter as Trustee of the Kent Carter Family Trust PTO on the Government's claim in Count II of the Amended Complaint.

**IT IS ORDERED** that Carter's motion [Doc. 37] is DENIED;

**IT IS FURTHER ORDERED** that the Government's motion to file exhibits [Doc. 40] is GRANTED; and

**IT IS FURTHER ORDERED** that default judgment is entered in favor of the Government and against Kent Carter as Trustee of the Kent Carter Family Trust PTO on Count II of the Amended Complaint; that Kent Carter is the true and beneficial owner of the Lake Property, the Tulip Property, and the West Edwards Property; that the Kent Carter Family Trust PTO is a nominee, transferee, and/or alter ego of Kent Carter; and that the assets purportedly held in the name

of the Kent Carter Family Trust PTO are subject to the federal tax liens resulting from the assessments of the income taxes against Kent Carter.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE