IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 2:12-cv-00469-RB/LAM |
| KENT CARTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF FORECLOSURE SALE AND TO VACATE

Now before the Court is the United States' Motion for Order of Foreclosure Sale and to

Vacate.  The Court GRANTS this motion and ORDERS as follows:

1.      The property located at 403 N. Lake Street, Carlsbad, New Mexico, and more

particularly described below may be sold:

**The Lake Property (defined as the "Lake Property")**

> Lot 11, Block 84, LOWE ADDITION, to the City of Carlsbad, Eddy County,
> New Mexico, as shown on the official plat thereof on file in the office of the
> County Clerk of Eddy County, New Mexico, EXCEPTING HEREFROM, all oil,
> gas and other minerals.

2.      The property located at 2608 Tulip Street, Carlsbad, New Mexico, and more

particularly described below may be sold:

**The Tulip Property (defined as the "Tulip Property")**

> THE SURFACE ESTATE ONLY OF: A tract of land in Eddy County, New
> Mexico, being a portion of the NWl/4 SEl/4 and part of the Nel/4 SWl/4 of
> Section 17, Township 22 South, Range 27 East, N.M.P.M., being more
> particularly described by metes and bounds as follows; to wit: Beginning at the
> center quarter corner of said Section 17; Thence North 89.26' East, 191.50 feet to
> a point on the North line of said NWl/4 SEl/4; Thence, South 0.23' East, 1337.52
> feet, to a point on the South line of said NWl/4 SE1/4; Thence, South 89.21' West,

1

1151.65 feet to a point on the said NEl/4 SWl/4, said point being on the projected East line of the Countryside Estates Phase I subdivision; Thence, North 0.54' West, 837.82 feet; Thence, South 89.06' West, 20.0 feet; Thence, North 0.54' West 70.0 feet; Thence, North 89.06' East, 20.0 feet; Thence, North, 0.54' West, 275.73 feet; Thence, North 89.06' East, 179.10 feet; Thence North 0.54' West, 150.00 feet to a point on the North line of the said NEI/ll SWl/4; Thence, North 89.06' East, 793.13 feet to the point of beginning.

EXCEPT the following described tracts of land:

A certain tract of land in the South1/2 of Section 17, Township 22 South, Range 27 East; N.M.P.M;, Eddy County, New Mexico, being more particularly described by metes and bounds as follows: Point of Beginning being the center quarter (sic) corner of aforesaid Section 17; Thence, North 89.22'34" East, 191.50 feet; Thence, South 0.23'00" East, 670.52 feet; Thence, South 89.06'00" West, 153.53 feet; Thence, South 0.54'00" East, 17.99 feet; Thence, South 89.06'00" West, 878.87 feet; Thence, North 0.54'00" West 27.37 feet; Thence, South 89.06'00" West, 125.00 feet; Thence, North 0.54'00" West, 515.86 feet, Thence, North 89.06'00" East, 179.10 feet; Thence, North 0.54'00" West, 150.00 feet; Thence North. 89.22'34" East, 792.86 feet to the point of beginning.

AND

Beginning at the Southeast corner of Countryside Estates Phase I; Thence South 0.54' East 95.73 feet to the true point of beginning; Thence North 89.06'East, 20.00 feet; Thence South 0.54' East, 70.00 feet; Thence South 89.06' West, 40.00 feet; Thence North 0.54' West 70.00 feet; Thence North 89.06' East 20.00 feet to the true point of beginning, the said tract being in the NE1/4 SW1/4 of Section 17, Township 22 South, Range 27 East, N.M.P.M., Eddy County, New Mexico.

SUBJECT TO reservations, restrictions, and easements of record.

TOGETHER WITH 17 1/2 acres of C.I.D. Water Rights and any other water rights of record attached to this land.

3.      The property located at 1202 West Edwards Street, Carlsbad, New Mexico, and

more particularly described below may be sold:

**West Edwards Property (defined as the "West Edwards Property")**

> The Surface Estate only of Lot Sixteen (16), Block Fifteen (15), Carter Addition Unit No. 4, to the City of Carlsbad, Eddy County, New Mexico, as shown on the official plat thereof on file in the office of the County Clerk of Eddy County, New Mexico.

4.      The Internal Revenue Service Properties Appraisal & Liquidation Specialist (PALS) is authorized and directed under 28 U.S.C. §§ 2001, 2002 and 2004, to offer for public sale and to sell the Lake Property, the Tulip Property, and the West Edwards Property, together with any improvements, buildings, and appurtenances.

5.      The PALS is authorized to have free access to the Lake Property, the Tulip Property, and the West Edwards Property and to take all actions appropriate to preserve the Lake Property, the Tulip Property, and the West Edwards Property, including, without limitation, retaining a locksmith or other person, if necessary, to change or install locks or other security devices on the Lake Property, the Tulip Property, and the West Edwards Property, until the deed thereto is delivered to the successful purchaser or purchasers.

6.      The terms and conditions of the sale of the Lake Property, the Tulip Property, and the West Edwards Property are as follows:

a.      The sale of the Lake Property, the Tulip Property, and the West Edwards Property shall be free and clear of all liens or other claims of any party to this proceeding, including additional fees and costs, from sale proceeds;

b.      The sale shall be subject to building liens, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Lake

Property, the Tulip Property, and the West Edwards Property and easements and

restrictions of record, if any;

c.      The sale of the Lake Property, the Tulip Property, and the West Edwards Property

by public auction shall be held on the front steps of the Eddy County, New Mexico

Courthouse or on the Lake Property, the Tulip Property, and the West Edwards Property,

in accordance with the provisions of 28 U.S.C. §§ 2001, 2002 and 2004;

d.      The date and time for sale is to be announced by the PALS;

e.      After the PALS has determined the date and time for sale, they shall insert the

same in the Notice of Sale and shall promptly mail a copy of the Notice of Sale, by

regular mail and by certified mail, return receipt requested, to each of the following:

Moha P. Yepuri
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
Attorney for United States

Kent Carter
P.O. Box 5033
Carlsbad, NM 88220

f.      The date and time of such public auction sale shall also be announced by the

PALS by advertising the Notice of Sale once each week for four consecutive weeks

before the sale in at least one newspaper regularly issued and of general circulation in

Eddy County, NM, and at the discretion of the PALS, and by any other notice that the

PALS deems appropriate.  The Notice of Sale will contain a description of the Properties

and the terms and conditions of the sale in this order of foreclosure of sale and to vacate;

g.    The minimum bid will be determined by PALS and shall be inserted into the

Notice of Sale.  If the minimum bid is not met or exceeded, the PALS may, without

further permission of this Court, and under the terms and conditions in this order of sale,

hold a new public sale, if necessary, and reduce the minimum bid;

h.    Each successful bidder shall be required to deposit at the time of the sale with the

PALS a minimum of ten percent (10%) of the bid, with the deposit to be made by

certified check or cashier's check, payable to United States District Court, immediately

upon the Lake Property, the Tulip Property, and the West Edwards Property being struck

off and awarded to the highest and best bidder.  Before being permitted to bid at the sale,

bidders shall display to the PALS proof that they are able to comply with this

requirement.  No bids will be received from anyone who has not presented that proof;

i.    The balance of the purchase price for each the Lake Property, the Tulip Property,

and the West Edwards Property shall be paid to the PALS within thirty (30) days after the

date the bid is accepted, by a certified or cashier's check, payable to the United States

District Court.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited

and shall be applied to cover the expenses of the sale, with any amount remaining to be

applied to the federal tax liabilities of Kent Carter.  The Clerk shall distribute the deposit

as directed by the PALS by checks made payable to "U.S. Department of Justice" as

appropriate.  The Lake Property, the Tulip Property, and the West Edwards Property shall

be again offered for sale under the terms and conditions of the order of sale or, in the

alternative, sold to the second highest bidder. The United States may bid as a credit against their judgments without tender of cash;

j.      The Clerk of the Court shall receive and deposit all funds collected as a result of the foreclosure and sale of the Lake Property, the Tulip Property, and the West Edwards Property into the Registry of the Court. Such funds shall then be deposited by the Clerk of the Court into an interest bearing account for later distribution;

k.      The sale, of each property, the Lake Property, the Tulip Property, and the West Edwards Property, will confirm itself within thirty-five (35) days from the date of sale, unless someone objects to the sale. Upon this confirmation of the sale, the IRS will execute and deliver a deed conveying the Lake Property, the Tulip Property, and the West Edwards Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Lake Property, the Tulip Property, and the West Edwards Property that are held or asserted by any parties to this action are discharged and extinguished; and

l.      The sale is ordered under 28 U.S.C. §§ 2001, 2002 and 2004 and is made without right of redemption.

7.      Until they vacate the Lake Property, the Tulip Property, and the West Edwards Property, Kent Carter and any resident of Lake Property, the Tulip Property, and the West Edwards Property will take reasonable steps necessary to preserve the Lake Property, the Tulip Property, and the West Edwards Property (including any and all buildings, improvements, fixtures and appurtenances on the Lake Property, the Tulip Property, and the West Edwards

Property) in their current condition.  They will not commit waste against the Lake Property, the

Tulip Property, and the West Edwards Property, nor shall they cause or permit anyone else to do

so.  They will not do anything which tends to reduce the value or marketability of the Lake

Property, the Tulip Property, and the West Edwards Property, nor will they cause or permit

anyone else to do so.  They will not record any instruments or liens against the Lake Property,

the Tulip Property, and the West Edwards Property, publish any notice, or engage in any other

action (such as running newspaper advertisements) that may directly or indirectly tend to

adversely affect the value of the Lake Property, the Tulip Property, and the West Edwards

Property or that may tend to discourage potential bidders from participating in the public

auction, nor will they cause or permit anyone else to do so.

       8.      All persons occupying the Lake Property, the Tulip Property, and the West

Edwards Property in any manner, if any, will leave and vacate the Lake Property, the Tulip

Property, and the West Edwards Property permanently within thirty (30) days of the date of this

Order, each taking his or her personal property, but leaving all improvements, buildings, fixtures,

and appurtenances to the Lake Property, the Tulip Property, and the West Edwards Property.  If

any person fails or refuses to vacate the Lake Property, the Tulip Property, or the West Edwards

Property, by the date specified in this Order, the PALS is authorized to coordinate with the

United States Marshal Service to take all actions that are reasonably necessary to have those

persons ejected.  Accordingly, the United States Marshal Service is authorized and directed to

take any and all necessary actions, including but not limited to the use of reasonable force, to

enter and remain on the premises, which includes, but is not limited to, the land, the buildings,

vehicles and any structures located thereon, for the purpose of executing this Order.  The United

States Marshal Service is further authorized and directed to arrest and/or evict from the premises

any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any

way with the execution of the Order of Sale, including the Supplemental Order of Sale.  If any

person fails or refuses to remove his or her personal property from the Lake Property, the Tulip

Property, or the West Edwards Property by the time specified herein, the personal property

remaining on the Lake Property, the Tulip Property, or the West Edwards Property thereafter is

deemed forfeited and abandoned, and the IRS is authorized to remove it and to dispose of in any

manner the IRS sees fit, including sale, in which case the proceeds of the sale are to be applied

first to the expenses of sale and the balance to be paid into the Court for further distribution.

9.      Any attempt to reenter the Lake Property, the Tulip Property, or the West

Edwards Property thirty (30) days after entry of this order could subject that person to being

found in contempt of the Court, and such contempt could be punishable by a fine, incarceration,

or both.  The United States Marshal, in coordination with PALS, shall provide notice of the order

to Kent Carter, and any other resident of the Lake Property, the Tulip Property, and the West

Edwards Property by hand delivery or by leaving it in a prominent location at the Lake Property,

the Tulip Property, and the West Edwards Property.

10.     No later than two (2) business days after vacating the Lake Property, the Tulip

Property, and the West Edwards Property pursuant to the deadline set forth in paragraph 8 above,

Kent Carter shall notify counsel for the United States of a forwarding address where he can be

reached.  Notification shall be made in writing to the attorney for the United States, Moha P.

Yepuri, Department of Justice, Tax Division, 717 N. Harwood, Suite 400, Dallas, Texas 75201.

11.     After the sale is confirmed, the Court shall distribute the proceeds of the sale, as

far as they shall be sufficient, to the following items, in the order specified:

a.      First, to the IRS for the costs of the sale;

b.      Second, to Eddy County for any ad valorem taxes due on the Properties; and

c.       Finally, to the United States of America with respect to the unpaid federal tax

liabilities of Kent Carter.

12.      After sale, the parties shall file further motions detailing the above distribution

amounts.

13.     The Clerk shall immediately mail a copy of this order to all counsel and parties of

record.

DATED 17 day of September, 2014.

_____

UNITED STATES DISTRICT JUDGE