UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENT CARTER; KENT CARTER, as Trustee for the Kent Carter Family Trust PTO,

    Defendants - Appellants,

and

GAIL CARTER; NEW MEXICO DEPARTMENT OF REVENUE AND TAXATION,

    Defendants.

No. 14-2180
(D.C. No. 2:12-CV-00469-RB-LAM)
(D. N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kent Carter appeals from an amended judgment awarding the Government $895,256.71 for unpaid income taxes, foreclosing federal tax liens against three of his real properties, and ordering their sale. We exercise jurisdiction under 28 U.S.C. § 1291, and we liberally construe Mr. Carter's pro se filings, *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The parties are familiar with the background of this case, so we proceed directly to the merits. Mr. Carter's main appellate challenge is that the district court lacked jurisdiction to enter a judgment because the Government filed this case without the "written approval of the IRS District Director." Aplt. Opening Br. at 2.[1] But no such approval is required when the Government sues a taxpayer to recover unpaid taxes and enforce tax liens. Rather, litigation may be initiated if "the Secretary [of the Treasury] authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced." 26 U.S.C. § 7401; *see also id.* § 7403(a) (stating that "whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed . . . to enforce the lien of the United States"). In its amended complaint, the Government pleaded § 7401 and § 7403(a) allegations. Mr. Carter offers nothing to refute the proper authorization of the Government's case against him.

---

[1] Mr. Carter appears to derive a "written approval" requirement from Pub. L. No. 105-206, Title III, § 3421(a)(1), which directs the Commissioner of Internal Revenue to develop and implement procedures requiring that "a notice of lien or levy . . . be reviewed by a supervisor" before being filed.

Mr. Carter also challenges the calculation of his tax debt, the form in which the Government's summary-judgment motion was sent to him, and a state's notice of liens. We conclude that the district court aptly rejected these challenges.

Accordingly, we affirm the district court's judgment for substantially the same reasons identified in its May 1, 2013, June 26, 2013, and February 4, 2014, opinions and orders and its September 17, 2014, order denying reconsideration.

                                      Entered for the Court

                                      Monroe G. McKay
                                      Circuit Judge